UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

v.   CAUSE NO. 3:25-CV-708 DRL-SJF

OFFICER *et al.*,

    Defendants.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a vague complaint. ECF 1. Mr. Baggett alleged only this: "Multiple excessive force incidents by staff here at MCF." ECF 1 at 2. He listed four defendants, but he indicated he is suing twelve defendants. He did not provide dates for the incidents he sued about, instead he indicated only that the incidents occurred on multiple dates. The court granted Mr. Baggett an opportunity to amend his complaint, noting that, if he did not respond, the case would be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint did not state a claim for which relief can be granted. Mr. Baggett has now filed an amended complaint. ECF 9.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Baggett's amended complaint alleges even fewer facts than his first complaint. In the amended complaint, he indicates he is suing "multiple" defendants, but he does not list them. He alleges he is suing about things that happened on "many" dates, but he neither lists the dates nor describes what happened.

The amended complaint, like Mr. Baggett's earlier complaint, is short on facts, dates, and specifics. The court has already explained to Mr. Baggett that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

The amended complaint does not state a claim for which relief can be granted. Mr. Baggett has already had one opportunity to amend his complaint. Nonetheless, if Mr. Baggett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. The amended complaint must be limited to claims that are related to one another, because "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). **He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name, if known, every time he refers to that defendant.**

For these reasons, the court:

(1) GRANTS Delashun Baggett until **November 3, 2025** to file an amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 14, 2025                                        *s/ Damon R. Leichty*
                                                        Judge, United States District Court